IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAPID RADIOLOGY, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:18-cv-87-RP |
| ORLANDO DIAGNOSTIC CENTER, INC., | § § § | |
| Defendant. | § § | |

## **ORDER**

Before the Court is Plaintiff Rapid Radiology, Inc.'s ("Rapid Radiology") Motion for Leave to Conduct Jurisdictional Discovery and Motion to Extend Responsive Deadline. (Dkt. 6). Earlier in this action, Defendant Orlando Diagnostic Center, Inc. ("Orlando Diagnostic") filed a motion to dismiss, (Dkt. 5), in which it argues that the Court lacks personal jurisdiction over it. (*Id.* at 3–8). Instead of filing a response, Rapid Radiology filed this motion to ask for an extension of time to respond and permission to conduct limited discovery. (Mot. Leave, Dkt. 6, at 8). Rapid Radiology asserts that Orlando Diagnostic's motion to dismiss is premised on disputed facts and asks for discovery to develop evidence relevant to those facts. (*Id.* at 7). Orlando Diagnostic responds that discovery is unnecessary and inappropriate. (Resp., Dkt. 8). For the reasons that follow, the Court agrees with Rapid Radiology that limited jurisdictional discovery is warranted.

As the party opposing dismissal and requesting discovery, Rapid Radiology has the "burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (citation omitted). Rapid Radiology can meet its burden by alleging facts that "suggest with reasonable particularity the possible existence of the requisite contacts" between Orlando Diagnostic and the forum state. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citation and quotation marks omitted). District courts have "broad discretion in all discovery matters," but should not permit jurisdictional discovery if "the lack of personal jurisdiction is clear [and] discovery would serve no purpose." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).

Rapid Radiology alleges the following. Orlando Diagnostic, a Florida corporation located principally in Florida, contracted with Rapid Radiology to receive radiology services. (Orig. Pet., Dkt. 1-3, at 2–4). The contract includes a forum selection clause stating that "Travis, County, Texas shall be the sole and exclusive venue for any litigation . . . that may be brought or arise out of, in connection with, or by reason of this Agreement." (*Id.* at 3). Rapid Radiology also alleges that the contract was executed in Travis County and that "performance and payments were to occur in Travis County." (*Id.*). According to Rapid Radiology, these facts establish the Court's personal jurisdiction over Orlando Diagnostic. (*Id.*).

Orlando Diagnostic, meanwhile, argues that the contract was never signed by someone with the authority to bind the company and that the forum selection clause thus has no effect. (Mot. Dismiss, Dkt. 5, at 6). Orlando Diagnostic also argues that it has no connection with Texas other than making payments to Rapid Radiology, which has its principal office in Texas. (*Id.* at 7–8).

Rapid Radiology alleges that it spoke with Lynde Florence, now a former employee of Orlando Diagnostic, who says she signed the contract with authorization from Dr. Wasim Ahmar, Orlando Diagnostic's owner. (Mot. Leave, Dkt. 6, at 2, 5–6). Rapid Radiology asks the Court to permit it to depose Ms. Florence and Dr. Ahmar. (*Id.* at 8).

Orlando Diagnostic opposes Rapid Radiology's request for discovery on the grounds that it would be unnecessary because Rapid Radiology would be unable to establish its right to enforce the agreement. (Resp. Mot. Leave, Dkt. 8, at 3). First, Orlando Diagnostic argues that Rapid Radiology, Inc. does not actually exist as a Texas corporation and did not exist when the contract was executed, and thus that it had no right to contract with Orlando Diagnostic to begin with. (Id. at 4). Second, Orlando Diagnostic argues that Rapid Radiology only seeks discovery to establish apparent authority, which can be determined without discovery because apparent authority is determined by a third party's interpretation of the principal's conduct. (*Id.* at 6–7).

Neither of Orlando Diagnostic's arguments persuade the Court that jurisdictional discovery is unwarranted. As to its first argument, Orlando Diagnostic essentially asks the Court to determine

disputed facts about Rapid Radiology's corporate existence and on that basis determine that it has cannot obtain relief as a matter of law. The Court is without the authority to make such a determination at this stage in the litigation and therefore declines to do so. As to its second argument, Orlando Diagnostic misconstrues Rapid Radiology's allegations. Rapid Radiology alleges that Ms. Florence "was specifically instructed by Dr. Ahmar" to sign the contract, that Ms. Florence "was fully authorized to execute documents" on Orlando Diagnostic's behalf, and that she was "fully authorized to bind" the company. (Mot. Leave, Dkt. 6, at 5). Actual authority depends on communications from the principal to the agent. *Gaines v. Kelly*, 235 S.W.3d 179, 182 (Tex. 2007). Thus we have a disputed issue of fact—did Ms. Florence possess actual authority to bind Orlando Diagnostic?—that is central to the issue of the Court's exercise of personal jurisdiction. Discovery is appropriate to resolve this factual dispute.

For these reasons, the Court **GRANTS** Rapid Radiology's Motion for Leave to Conduct Jurisdictional Discovery and Motion to Extend Responsive Deadline, (Dkt. 6), and **ORDERS** as follows: (1) Rapid Radiology's deadline to respond to Orlando Diagnostic's motion to dismiss is extended to **April 30, 2018**. (2) In the meantime, Rapid Radiology is permitted to depose Dr. Wasim Ahmar and Ms. Lynde Florence, subject to the limitation that the scope of the depositions shall be limited to establishing the Court's jurisdiction over this action and the appropriate venue for this action. (3) Rapid Radiology is granted leave to amend its complaint on or before **April 30, 2018**.

**SIGNED** on February 27, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE